



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Randall Co*

Honorable J. A. Hill, President
The West Texas State Teachers College
Canyon, Texas


Dear Sir:              Re: Opinion No. O-2255
                       The allowance and payment by the
                       State Comptroller of expenses in-
                       curred by employees of State Ed-
                       ucational Institutions of Higher
                       Learning in the particulars dis-
                       cussed.

        Your letter of recent date requests the opinion
of this department touching two matters which may be con-
cisely stated as follows:

        (1) The question of securing prior approv-
al by the State Comptroller, the Attorney General,
or other state officer, of trips involving trav-
eling expenses payable by the State, on the part
of employees of the state educational institu-
tions of higher learning;

        (2) Whether the reasonable and proper expenses,
within the limitations set out in House Bill No.
255, Forty-sixth Legislature, the appropriation
bill for the state educational institutions of
higher learning, incident to the attendance by
the Dean of Women of the West Texas State Teachers
College upon the annual meeting of the American
Association of University Women at Topeka, Kansas,
may be approved and paid by the State Comptroller.

Honorable J. A. Hill, Page 2

There is no requirement in House Bill 255, supra, that the approval of the State Comptroller, the Attorney General, or other state officer, shall be secured prior to the making of any trip by employees of the state educational institutions of higher learning, including the president, involving traveling expenses payable by the State, otherwise allowable. Of course, the State Comptroller, before payment of any claim from any public funds is made, must necessarily approve such, and may, in determining the question of payment, secure the opinion of the Attorney General as to the legality of such payment. The final approval, however, rests not upon the absence or existence of a prior approval before the expenses are incurred, but upon the legality of the claim itself.

By way of parenthesis, we mention that such prior approval is required in certain instances under the Departmental Appropriation Bill pertaining to departments of state, which, of course, has no application to your institution.

There are certain requirements in House Bill 255, supra, as to the approval of trips and expenses by the governing officials of the institutions, with which we are sure you are familiar and concerning which you make no inquiry. For example, "No traveling expenses shall be incurred by any employee of any of the schools, or other agencies named herein, outside of the boundaries of the State of Texas, except for State business, and upon the advance written consent of the school's Board of Regents or Directors." And again, "The expenses of Regents, Presidents, and Auditors of these State educational institutions and agencies should be approved by the Comptroller of the State, President of the governing board, President of the College or Institution and College Auditor before payment from either State or Local funds."

With reference to your second question, we quote as follows from your communication:

"Would your ruling with reference to attendance at the Southern Association of Colleges and Secondary Schools at Atlanta, Georgia, be applicable also to our attendance of the annual meeting of the American Association of University Women at Topeka, Kansas? This organization, too, is a standardizing agency; and

Honorable J.A. Hill, Page 3

we have been associate members for some fifteen years. Some two or more years ago we applied for full membership in this organization, and have reason to believe that our application will be approved either this year or next, provided we can send our representative to confer with the officers of that organization about our institution and its program. I should like to send our Dean of Women to that meeting."

In reply to our request for additional information touching the function and significance of the American Association of University Women, we were, under date of May 20, advised by you as follows:

"For your information, the American Association of University Women is, as the name implies, a nation-wide organization which seeks to promote the standards for the education of women, and to provide congenial local and state units for graduates of recognized colleges and universities. The president of the Texas branch of that association is Dr. Anna Irion Powell, Professor of History, North Texas State Teachers College, Denton, Texas; and there are local branches in almost every town in Texas.

"Women graduates of a recognized institution are eligible for membership in these local organizations. Graduates of institutions which are not accredited by the American Association of University Women are not eligible to membership in the local A.A.U.W. organizations. Naturally our girls desire to have the same recognition as graduates of other first class institutions, and failure to gain admission to any local unit is considered a kind of reflection upon the applicant's alma mater. These local units are not only social but highly cultural organizations, and undertake quite a good number of educational projects, such as the establishment of scholarships and loan funds at institutions of higher learning.

"The larger organization sets up certain standards which must be met by an institution

Honorable J. A. Hill, Page 4

before it can be recognized by the national body. These standards have to do with such things as the scholarship of the faculty, the dormitory facilities, the medical care of students, the social program, and various other factors that have to do with the quality of work which a college or university may do."

It is our understanding, also, that the colleges and universities are not members of the American Association of University Women, do not pay dues thereto, and have no voice in or official affiliation with such Association. Rather, the Association is independent of the schools, merely setting up, of itself, certain arbitrary standards touching the schools which are determinative of the eligibility of graduates therefrom for membership in the local units of the Association.

Subsection (6), of House Bill 255, supra, provides, in part, as follows:

" *** No traveling expenses shall be incurred by any employee of the schools, or other agencies named herein, outside of the boundaries of the State of Texas, except for state business, and upon the advance written consent of the school's Board of Regent or Directors *** " (Emphasis ours)

From these facts, we are unable, after careful consideration, to perceive wherein the attendance by the Dean of Women of your institution upon the annual meeting of the American Association of University Women at Topeka, Kansas, would have such a reasonable substantial or direct relation to the function of government entrusted to your institution as to constitute state business. It appears that the recognition of your institution by this association, with the advantages pointed out by you, is not predicated upon attendance at its annual meetings by a representative, but only upon the standards maintained by the school. We fully appreciate your desire to achieve for the graduates of the school this advantage to them after graduation and your belief that the likelihood of the school's being recognized by the association will be greater if the Dean of Women is present at this meeting to urge the approval of your institution. Notwithstanding which, the fact

Honorable J. A. Hill, Page 5

remains that the expenditure incident thereto is not necessary to such end, and the further fact that the object to be gained is not one directly relating to the work of the school itself, but rather one relating to that which will be open to the Women after they shall have left the institution, pertaining to membership in an independent organization.

It is, therefore, our considered opinion that attendance upon the annual meeting of the American Association of University Women, at Topeka, Kansas, by the Dean of Women of the West Texas State Teachers College, was not for "State Business" as required by the appropriation bill for the State educational institutions of higher learning. Accordingly, the traveling expenses incident thereto may not be allowed and paid by the State Comptroller.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:ob

APPROVED JUN 14, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY [signature] CHAIRMAN